UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.:  9:18-cv-80111-DMM

IN RE:

PETITION OF GET WET WATERSPORTS
INC. as titled owner of and for a 23' 2008
YAMAHA AR230, hull identification number
YAMC1137G708 her engines, tackle, and
appurtenances, for Exoneration from or
Limitation of Liability,

_____Petitioner._____/

**PETITIONER'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT FOR
EXONERATION FROM LIABILITY AGAINST ALL CLAIMANTS NOT FILING A
CLAIM IN THIS ACTION WITH INCORPORATED MEMORANDUM OF LAW**

Petitioner, GET WET WATERSPORTS INC. (hereinafter "Petitioner"), as owner of a 23'

2008 YAMAHA AR230, hull identification number YAMC1137G708, her engines, tackle, and

appurtenances, pursuant to Rule 54 and 55 of the Federal Rules of Civil Procedure and

Supplemental Rule F(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims of

the Federal Rules of Civil Procedure, hereby moves this Court for an entry of final default

judgment for exoneration from liability as to all persons and entities who did not file a claim to the

Petition for Exoneration from or Limitation of Liability (ECF No. 1) and in support thereof,

Petitioner states as follows:

1.      As set forth in more detail below, this is a statutory proceeding initiated by the

Petitioner pursuant to Title 46, United States Code, § 30501 *et. seq*. ("Limitation Action"),

claiming the right to exoneration from or limitation of liability for all claims arising out of an

alleged accident which occurred on or about June 10, 2017, as more particularly described in the

Petition for Exoneration From or Limitation of Liability ("Petition") filed in this case (ECF No. 1).

2.     On January 31, 2018, Petitioner filed its Petition (ECF No. 1) and subsequently sought entry of an order approving its Ad Interim Stipulation and seeking the issuance of a Monition and Injunction (ECF No. 3).

3.     On May 11, 2018, the Court entered its Order Approving the Petitioner's Ad Interim Stipulation, Directing Issuance of Monition and Injunction, staying all actions or proceedings against the Petitioner arising out of the alleged accident on June 10, 2017, until the Limitation Action is determined (ECF No. 4).

4.     Pursuant to the Court's Order (ECF No. 4), the Clerk of Court was ordered to issue a notice:

> all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, and/or death caused by or resulting from the casualty set forth in the Petition herein, citing them to file their respective claims with the Clerk, United States District Court for the Southern District of Florida, **on or before June 22, 2018**, and to serve on Petitioner's attorneys, COREN H. STERN, ESQUIRE, BRESSLER, AMERY & ROSS, P.C., 200 East Las Olas Blvd., Suite 1500, Fort Lauderdale, FL 33301, a copy thereof, or be defaulted, and if any claimant desires to contest Petitioner's right to exoneration from or limitation of liability, Claimant shall file and serve on Petitioner's attorney an answer to the Petition, on or before said date, in this Court or be defaulted.

5.     The Court's Order (ECF No. 4) also required that the Clerk's notice be published in an approved newspaper as specified in Supplemental Rule F.

6.     As a result, the Clerk issued its Notice of Petition for Exoneration From or Limitation of Liability on September 5, 2018 (ECF No. 9).

7.      The Petitioner arranged for publication of the Clerk's Notice in the Daily Business Review in Palm Beach County successively for a period of four weeks commencing on May 23, 2018, May 30, 2018, June 6, 2018 and Jun e 13, 2018.

8.      Petitioner published the notice as specified in the Court's Order (ECF No. 7) and Supplemental Rule F(4), as evidenced in its Notice of Filing Proof of Publication and Compliance with Court Order (ECF No. 9) with the verification by Joshua Henry, Legal Clerk for the Palm Beach Daily Business Review.

9.      In addition, and pursuant to the Court's Order (ECF No. 4) copies of the Petition for Exoneration from or Limitation of Liability (ECF No. 1), Court Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction (ECF No. 4) and Clerk's Notice of Petition for Exoneration From or Limitation of Liability (ECF No. 9) (collectively "Notice Documents") were sent on May 16, 2018, via regular U.S. mail, certified mail and electronic mail to Dena Sisk Foman, Esquire and Richard J McAlpin, Esquire (as counsel to Heather Heinzerling). The deadline to file claims for potential claimants was June 22, 2018, and no claims have been filed in this action to date.

10.     No parties or potential claimants, including Heather Heinzerling, have filed a claim in this action or contacted the undersigned or any other attorney at his law firm with regard to filing a claim in this matter.

11.     To date, there have been no requests by any potential claimants for an extension of time in which to answer, move, claim or otherwise appear in this Limitation Action.

12.     Upon information and belief, the defaulting parties against whom this default is sought are not infants, in the military or incompetent persons.

13.     Petitioner has complied with the Federal Rules of Civil Procedure, the Supplemental Rules for Certain Admiralty and Maritime Claims and the Local Admiralty Rules as to notice of the claim, service of the Petition, publication of the Petition, and, thus, is entitled to entry of Final Default Judgment as to all claimants not making an appearance or filing a claim prior to the deadline set by this Court.

14.     Entry of Final Default Judgment is proper and Petitioner requests this Honorable Court enter such default and attach the Proposed Final Default Judgment hereto as Exhibit "A".

## MEMORANDUM OF LAW

No claimants, have filed a claim against the Petitioner in this action.  Petitioner has complied with all admiralty rules regarding publication of this Court's notice and is thus entitled to entry of a Final Default Judgment.

### A.     Publication of Notice

Rule F of the Supplemental Rules for certain Admiralty and Maritime claims provides that notice of a Petition for Limitation is to be published and mailed to known claimants.  Supp. Rule F(4).  Petitioner published the notice as specified in the Court's Order (ECF No. 4) and Supplemental Rule F(4), as evidenced in its Notice of Filing Proof of Publication and Compliance with Court Order  (ECF No. 9) with the verification by Joshua Henry, Legal Clerk for the Palm Beach Daily Business Review.

In addition, and pursuant to the Court's Order (ECF No. 4) copies of the Petition for Exoneration from or Limitation of Liability (ECF No. 1), Court Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction (ECF No. 4) and Clerk's Notice of Petition for Exoneration From or Limitation of Liability (ECF No. 9) (collectively "Notice Documents") were sent on May 16, 2018, via regular U.S. mail, certified mail and electronic mail

to Dena Sisk Foman, Esquire and Richard J McAlpin, Esquire (as counsel to Heather Heinzerling). The deadline to file claims for potential claimants was June 22, 2018, and no claims have been filed in this action to date.

Other than what is called for in the rules, personal service is not required. *Morrison v District Court of U. S. for Southern District of New York*, 13 S.Ct. 246 (1893) (it is not necessary in order to sustain the proceeding for limited liability that the owner of the injured vessel or persons claiming damages should be personally served with notice thereof within the district where such proceedings are taken). What is required is that reasonable notice be made upon the claimants or their attorneys, so that all parties may appear before the court, answer the allegations of the petition and file their claims. *See* Benedict on Admiralty § 8-110 (7th Ed. (Rev.) 2010) (citations omitted).

### B.     Claims Filing Deadline

Supplemental Rule F(5) requires a claimant to file a claim before the return date specified by the Court pursuant to Supplemental Rule F(4). Supp. Rule F(5). The Rule makes clear that "if a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant **shall** file and serve an answer to the complaint unless the claim has included an answer. *Id*. (emphasis added). If claimants desire to contest exoneration or limitation, they are required to file their claims. *In the Matter of the Petition of the M/V Sunshine, II v. Beavin*, 808 F.2d 762, 764 (11th Cir. 1987) (citing Supp. Rule F(5)); *see also, In re Complaint of Beauvois*, 2010 WL 5055833, *2 (M.D. Fla. Dec. 3, 2010) (slip op.) ("Supplemental Rule F(5) requires that a claim be filed first and prior or contemporaneously with an answer being filed").

Where publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they received actual notice thereof or not, and if they fail to appear within the time designated, they are liable to lose the opportunity of

presenting their claims in that proceeding or in any other.  *See, Dowdell v. U. S. District Court for Northern District of California*, 139 F. 444, 445-46 (9th Cir. 1905).

Thus, any person who desires to claim damages against the Petitioner must file an affidavit or formal verified statement, setting forth the nature and amount of his loss.  Supp. Rule F(5) (if a potential claimant desires to contest the right to limitation or exoneration, the claimant "shall file and serve an answer to the complaint"); *see also* Benedict on Admiralty § 8-26 (7th Ed. (Rev.) 2010), citing *The Maine*, 28 F. Supp. 578 (D. Md. 1939) (citations omitted).  If a claimant fails to file a claim in the limitation action, said claimant will be bound by a finding of exoneration or limitation of liability. *See New Jersey Barging Corp. v. T.A.D. Jones & Co. (The Perth Amboy No. 1)*, 135 F. Supp. 97 (S.D.N.Y. 1955); *see also*, *Beavin*, 808 F.2d at 764.

The time for claimants to file their answers and claims in this matter has expired.  In the Court's Order the Clerk of Court was order to issue a notice:

> all persons or corporations claiming damage for any and all loss, destruction, damage, injuries, and/or death caused by or resulting from the casualty set forth in the Petition herein, citing them to file their respective claims with the Clerk, United States District Court for the Southern District of Florida, **on or before June 22, 2018**, and to serve on Petitioner's attorneys, COREN H. STERN, ESQUIRE, BRESSLER, AMERY & ROSS, P.C., 200 East Las Olas Blvd., Suite 1500, Fort Lauderdale, FL 33301, a copy thereof, or be defaulted, and if any claimant desires to contest Petitioner's right to exoneration from or limitation of liability, Claimant shall file and serve on Petitioner's attorney an answer to the Petition, on or before said date, in this Court or be defaulted.

(ECF No. 7) (emphasis added).

All potential claimants to this cause of action have received this notice (ECF No. 9).  This notice clearly provides that if claims are not received by the Petitioner and the Court on or before June 22, 2018, the party will be defaulted.  When the plaintiff provides actual and unqualified notice that delay in answering the complaint will result in default, the plaintiff is entitled to a default judgment.  *See Wilson v. Moore & Assoc., Inc.*, 564 F.2d 366 (9th Cir. 1977).

####    C.    **Failure to File a Claim Entitles Petitioner to Default Judgment**

Rule 55 (b)(2) allows the Court to enter a Final Default Judgment upon a showing of compliance with Rule 55. All notice required under Federal Rule of Civil Procedure 55 and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met.  Submissions before this Court, including the proof that notice requirements have been met to all known potential claimants and via publication, make clear that potential claimants have been given adequate notice of the Petition and the Monition and Injunction and have failed to appear, defend, or otherwise claim against Petitioners.  Therefore, entry of Final Default Judgment is proper under these circumstances.

When a judgment by default is entered, it is generally treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits. *See Riehle v. Margolies*, 49 S.Ct. 310, 313 (1929) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon default."); *see also, Rhode Island Hosp. Trust Nat. Bank v. Ohio Cas. Ins. Co*., 789 F.2d 74, 81 n.10 (1st Cir. 1986); *Moyer v. Mathas*, 458 F.2d 431 (5th Cir. 1972). [1]

Federal Rule of Civil Procedure 54(c) states that judgment by default should grant the relief demanded in the pleadings. Fed. R. Civ. P. 54(c).  The Petitioner has sought an adjudication by this Court, via alternative pleading, for exoneration under Supplemental Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims or to limit liability under 46 U.S.C. § 30501 *et seq*.  Given that there has been a default by all claimants, the Petitioner herein

---

[1] In *Bonner v. Prichard*, the Eleventh Circuit held that "the decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit."  661 F.2d 1206 at 1207 (11th Cir. 1981)(*en banc*).

seeks a default judgment against all potential claimants who have failed to file a claim, specifically exonerating the Petitioner from any and all liability for the incident as set out in further detail in the Petition (ECF No. 1).

While the entry of a judgment by default is subject to this Court's sound judicial discretion, the court generally considers a number of factors that may appear from the record before it. *See, e.g., Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 606 (W.D. Va. 2009). One factor may be whether the defendants had participated in the litigation in any meaningful way. *Id.* In the case at bar, no potential claimants have filed a claim in this action.

Another factor for consideration in granting a default judgment is whether the case involves issues of great public importance. *See, e.g., General Motors Corp. v. Blevins*, 144 F. Supp. 381, 389 (D.C. Colo. 1956) ("the important question of the constitutionality of a state statute should not be determined on default."). There is no issue of great public importance involved in the case at bar.

A third factor in considering a motion for default judgment is whether the entry of a default judgment is largely technical. *See, e.g., Gresham v. Waffle House, Inc*., 586 F. Supp. 1442 (D.C. Ga. 1984) (default judgment denied although defendant did not file renewed motion to dismiss within the 10-day period allowed for response, since such a technical default did not warrant the harsh sanction of default judgment). This is not a situation found in the "technical default" cases, wherein the default was not granted because a claim was filed technically late or delay would not prejudice the plaintiff. *See, e.g., Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986) (motion for default judgment not granted when answer filed on same day plaintiff filed motion for default judgment); *Martin v. Delaware Law School of Widener Univ*., 625 F. Supp. 1288 (D.C. Del. 1985) (motion for default judgment not granted when answer filed three days after motion for default

judgment); *McKnight v. Webster*, 499 F. Supp. 420 (D.C. Pa. 1980) (motion for default judgment not granted when, though answer was untimely, there was no prejudice to plaintiff).

Here, the default sought is not largely technical in nature, rather it is quite simple. Petitioner seeks to default all claimants who have failed to file a claim pursuant to this Court's Order or whose claim was otherwise resolved.

If a claimant desires to contest exoneration, that claimant is required to answer the Petition and the burden of proof is on the claimant; the claimant must prove some fault on the part of Petitioner as in the case of a complaint charging liability. *See generally, Beavin*, 808 F.2d at 764; *Buie*, 823 F.2d at *1; *Beauvois*, 2010 WL at *2. If the Court finds exoneration, the question of limitation is moot. *Hammersley v. Branigar Organization, Inc*., 762 F.Supp. 950 (S.D. Ga. 1991).

Because no claimants have made claim and the allegations in the Petition, if taken as true, state a case of exoneration, the Petitioner is entitled to a default judgment. *See In re Matter of Complaint of Bluegrass Marine, LLC,* 2011 WL 197215, *3 (W.D. Ky. Jan. 18, 2011) (slip op.) (petitioner entitled to default against all claimants but bodily injury claimant, as the non-claimant claimants failed to file a claim regarding the incident); *see also, Systems Indus., Inc. v. Han*, 105 FRD 72 (D.C. Pa. 1985) (default judgment entered when defendants took no action and allegations stated a breach of contract claim for which plaintiff was entitled to affirmative relief). Thus, Petitioner seeks a default judgment exonerating the Petitioner against all persons and entities who did not file an answer or a claim in this action.

## CONCLUSION

As detailed in the foregoing discussion, this Court has authority to enter a default judgment against all non-filing potential claimants upon publication of the Petition. The Petitioner has complied with the applicable procedural rules by publishing notice of its action in a paper of

general circulation.  Accordingly, default judgment should be entered in favor of the Petitioner, as against all claimants that have not filed claims in this action.

WHEREFORE, the Petitioner, having fully complied with Rule 55 of the Federal Rules of Civil Procedure, hereby requests the Court enter a Final Default Judgment of Exoneration from Liability as to all claimants that failed to file a claim by the Court's June 22, 2018 deadline, and for other and further relief as may be deemed just and appropriate under the circumstances.

Dated: October 10th, 2018.

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
200 East Las Olas Boulevard
Suite 1500
 Fort Lauderdale, Florida 33301
T:  954.499.7979
F:  954.499.7969
E-Mail:  bshiekman@bressler.com

By:  /s/    Benjamin R. Shiekman
        Benjamin R. Shiekman
        Florida Bar No.: 113114

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10th, 2018, a true and correct copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

/s/*Benjamin R. Shiekman*
Benjamin R. Shiekman